# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### STATESBORO DIVISION

| | | |
|---|---|---|
| JEFFERY JACKSON, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | Case No. CV614-052 |
| | ) | CR612-018 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Jeffery Jackson pled guilty to conspiring to possess with intent to
distribute and to distribute controlled substances. (Cr. doc. 506.)[1] In
doing so, he waived both his direct appeal and collateral review rights.[2]

---

[1] Unless otherwise noted, citations are to the docket in Jackson's civil § 2255
case, number CV614-052. "Cr. doc." refers to documents filed under his criminal
case, CR612-018. Additionally, page references are to the CM/ECF screen page
rather than the referenced document's own internal pagination.

[2] The plea agreement states:

To the maximum extent permitted by federal law, the defendant voluntarily
and expressly *waives the right to appeal the conviction and sentence and the
right to collaterally attack the sentence in any post-conviction proceeding,
including a §2255 proceeding,* on any ground, except that: the defendant may
file a direct appeal of his sentence if it exceeds the statutory maximum; and
the defendant may file a direct appeal of his sentence if, by variance or upward
departure, the sentence is higher than the advisory sentencing guideline range
as found by the sentencing court. The defendant understands that this Plea
Agreement does not limit the government's right to appeal, but if the
government appeals the sentence imposed, the defendant may also file a direct
appeal of the sentence.

(Cr. doc. 165.) Despite the double waiver, he has returned to this Court seeking 28 U.S.C. § 2255 relief. (Doc. 1.) His motion should be denied.

## I. ANALYSIS

Jackson was a cog in a vast drug distribution machine. (PSI at 6.) He and 29 other defendants sold large quantities of powder and crack cocaine, ecstasy, and marijuana. (*Id.*) Cell phone intercepts show that between just July and September of 2011, Jackson sold at least 1.4 kilograms of cocaine to co-defendant Tellas Levallas Kennedy. (*Id.* at 7.) There were many other drug-related conversations intercepted, but no specific drug quantities were discussed. (*Id.*) After his arrest, he admitted to authorities that he had distributed more than 500 grams of powder and crack cocaine to Kennedy. (*Id.* at 9.) Under the indictment, he faced *life imprisonment.* (Cr. docs. 3 & 4.) His acceptance of responsibility, taken along with a favorable plea arrangement, resulted

---

(Cr. doc. 992 at 8 (emphasis added).) In exchange for his plea to a lesser included conspiracy charge, he avoided conviction for possession with intent to distribute cocaine and several charges of using a cellular phone in furtherance of the conspiracy. Given the scope of the drug operation (after a single traffic stop, police obtained a quarter-kilogram of cocaine a co-defendant had tossed from his vehicle after meeting with Jackson), his maximum sentence under the lesser-included conspiracy charge was forty years. (Presentence Investigation Report ("PSI") at 17.) His plea ultimately resulted in a 144-month sentence (cr. doc. 952), which was well below the recommended United States Sentencing Guideline ("USSG") range of 188-235 months (PSI at 17). Additionally, the government did not appeal his sentence. As such, he has not shown that he is subject to any sort of exception to the collateral waiver.

in a sentence of only 144 months, well below even the 188-235 month guideline range. (Cr. doc. 952; PSI at 17.) Nevertheless, in violation of his plea agreement and in contravention of common sense, he has filed a 28 U.S.C. § 2255 motion that, if granted, would likely result in a far longer sentence. (Doc. 1.)

Jackson claims that the district court lacked subject matter jurisdiction to hear the case because the grand jury did not properly pass upon his indictment. (*Id.* at 7-13.) He also claims that counsel was ineffective for failing to ensure that the trial judge accepted the plea and the plea agreement. (*Id.* at 13-19.) He swears under 28 U.S.C. § 1746 that he does not recall, and that the record does not show, that the plea was accepted or plea agreement signed, so he has thus "incurred no . . . conviction." (*Id.* at 16-17.)

Both claims are baseless. The docket reflects that the grand jury returned a true bill, signed by the jury's foreman, several assistant United States Attorneys, and the United States Attorney for the Southern District of Georgia. (Cr. doc. 3 at 26.) His evidentially unsupported claim that the prosecuting attorneys "feigned grand jury endorsement" is belied by the record. Furthermore, the transcript of his

March 12, 2013 change of plea hearing shows *without question* that Jackson pled guilty of his own volition, under no coercion from the government or his retained attorney, the judge accepted the plea, and Jackson waived his right to appeal the sentence or pursue collateral relief. (Cr. doc. 1032 at 4-5, 13, 24-31, 38 ("The plea of guilty is accepted.").) At sentencing, the judge acknowledged Jackson's "forthright" testimony against another defendant where he "withstood aggressive . . . demeaning cross-examination," and noted that Jackson's statement at sentencing, accepting responsibility for his crimes, to be "one of the more refreshing statements anyone has ever made to me."[3] (Cr. doc. 1033 at 12, 14-15.) Based on this cooperation and "forthrightness," the judge granted the government's USSG § 5k1.1

---

[3] Specifically, Jackson stated:

Well, Your Honor, I'd just like to say I apologize to you. I apologize to the staff, the community.

Like I told Kevin Waters, you know, it's just business, you know. When you do wrong, you know, you have to accept your responsibility.

I appreciate my family. I appreciate my sister-in-law for sticking her neck out. I appreciate my attorney. But overall, you know what I'm saying, I do owe, you know what I'm saying, the United States punishment for my actions, but at the end of the day, you know what I'm saying, I ask that, you know what I'm saying, I have mercy, you know what I'm saying, from the Court, and if anything that I could do, I would be willing to do.

(CR. doc. 1033 at 14-15.)

motion and departed, in his own words, "tremendously below what the sentence would have been." (*Id.* at 16.) The judge formally accepted the plea agreement on January 13, 2014. (Cr. doc. 992 at 12 (while the signature block shows 2013, it is a ministerial error, as the docket clearly shows that the plea acceptance was signed and filed on January 13, 2014).)

Jackson's § 2255 motion is anything but forthright. It is plain that he has lied to the Court in a sworn statement.[4] He compounds this behavior by accusing the Assistant United States Attorney who prepared the government's response -- the same AUSA who moved the Court to give Jackson § 5K1.1 relief (cr. doc. 1033 at 3) and declined to seek an 18 U.S.C. § 851 enhancement based upon his criminal history -- of "scandalous and vexatious" behavior and of wasting the Court's time

---

[4] Lying under oath, either live or "on paper," is a criminally prosecutable offense. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, No. CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

through "chicanery." (Doc. 6 (motion to strike the government's response).) Jackson, however, has shown no violation of the Constitution or federal law that would allow the Court to give this ungrateful man the relief he requests.

Not only are Jackson's claims without merit, he has waived the right to even file a § 2255 motion. (Cr. doc. 1032 at 27-28, 30, 33; cr. doc. 1033 at 18-19.) "A plea agreement is 'a contract between the Government and a criminal defendant.'" *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009) (quoting *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999)). Hence,

> it should be given the interpretation that the parties intended. *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005)). . . . "[T]he defendant's knowledge and understanding of the sentence appeal waiver is one of the components that constitutes the 'core concern' of the defendant's right to be aware of the direct consequences of his guilty plea." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (internal quotation marks omitted). To demonstrate that a sentence-appeal waiver is sufficiently knowing and voluntary to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the colloquy; or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Id.*

*Thompson*, 353 F. App'x at 235; *United States v. Ruff*, 2011 WL 205382

at *1 (11th Cir. Jan. 5, 2011). As to § 2255 collateral bars,

> "[a]t a minimum, the would-be petitioner must know at the
> time of the guilty plea that the right to federal habeas review
> exists, and he must realize he is giving up that right as part of
> his plea bargain." *Allen v. Thomas*, 161 F.3d 667, 670 (11th
> Cir. 1998). When a valid sentence-appeal waiver containing
> express language waiving the right to attack a sentence
> collaterally is entered into knowingly and voluntarily, it will
> be enforceable and serve to prevent a movant from
> collaterally attacking a sentence on the basis of ineffective
> assistance of counsel. [*United States v.*] *Williams*, 396 F.3d
> [1340, 1342 (11th Cir. 2005)].

*Thompson*, 353 F. App'x at 235.

The record shows that Jackson knowingly and voluntarily entered

into his plea-waiver. The waiver itself explicitly references § 2255

proceedings and notes that Jackson would be forever barred from

challenging his conviction and sentence under that statute. (Cr. doc. 992

at 8.) He signed the plea agreement and initialed every page (*id.* at 11),

and he testified at the change of plea hearing that he had read the plea

agreement, reviewed it with counsel, and understood it. (Cr. doc. 1032 at

26). Moreover, the judge discussed the appeal and collateral waiver at

length during movant's Rule 11 hearing (*id.* at 28-29, 30, 33) and at

sentencing. (Cr. doc. 1033 at 18-19).

Jackson waived all of his claims by accepting the plea agreement's double waiver.[5] *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009); *United States v. Orozc-Picazo*, 391 F. App'x 761, 771 (11th Cir. 2010) (defendant's appeal waiver in pleading guilty to drug and gun conspiracy charges precluded appellate review of his claim that district court erred in imposing consecutive sentences; district court questioned defendant concerning appeal waiver during plea colloquy, and it did not impose sentence that was higher than that called for by advisory guidelines). And he has not raised any non-fraudulent claims directly attacking the validity of the guilty-plea agreement. *See Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007) (ineffective assistance of counsel claim figuring into validity of defendant's guilty plea is not barred by double waiver) (citing *Williams*, 396 F.3d at 1342 n.2) ("there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement."); *United States v. Smith*, 759 F.3d 702, 708 (7th Cir. 2014) ("Smith

---

[5] He also waived any pre-plea claims simply by pleading guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997).

knowingly and voluntarily waived his appellate rights, including his right on appeal to contend that his counsel below was ineffective as to any matter *other than* the waiver and his negotiation of it.") (emphasis added); *Holland v. United States*, 2014 WL 5241531 at *2-3 (S.D. Ga. Oct 14, 2014).

## II. CONCLUSION

Jeffery Jackson's § 2255 motion (doc. 1023) should be **DENIED** and the Government's motion to dismiss (doc. 1038) should be **GRANTED**. Jackson's "Motion to Strike" the government's dismissal motion (doc. 6) is **DENIED** as frivolous. The Court also **GRANTS** the government's request to file its response out of time. (Doc. 3.)

Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this _10^th_ day of November, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA