FILED
U.S. DISTRICT COURT   AUGUSTA DIV.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**   20 JUN -2  PM 3: 21

CLERK _J Hodges_
SO. DIST. OF GA.

UNITED STATES OF AMERICA            *
                                    *
        v.                          *      CR 612-018-4
                                    *
JEFFERY JACKSON                     *

                         ———————

                    **O R D E R**

                         ———————

        Defendant   Jeffery   Jackson   has   filed   a   "Motion   for
Compassionate Release and Reduction of Sentence under 18 U.S.C. §
3582(c)(1)(A)"   based   upon   his   apprehension   of   the   COVID-19
pandemic.   Upon due consideration, the Court denies Jackson's
request for relief.

        As an initial matter, Jackson cites to a Memorandum from the
Attorney   General   directing   the   Director   of   Bureau   of   Prisons
("BOP")  to  prioritize  the  use  of  "various  statutory  authorities  to
grant home confinement for inmates seeking transfer in connection
with the ongoing COVID-19 pandemic." See Memorandum dated Mar. 26,
2020, *available at* https://www.justice.gov/file/1262731/download
(last visited June 1, 2020).   The statutory authority upon which
the BOP is processing requests to transfer to home confinement is
18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541; neither of these
code sections vest the United States District Court with authority
to  order  home  confinement.   Indeed,  designation  of  an  inmate's

place of confinement is within the absolute discretion of the BOP. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).)   Accordingly, the Court can offer no relief based upon this Memorandum.

Jackson also invokes the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) in support of his motion.   Section 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant in "extraordinary and compelling circumstances."   Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court.   The First Step Act modified § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   In this case, Jackson concedes that he has not exhausted his administrative remedies prior to seeking relief in the district court.   For this reason, the Court must deny Jackson's motion.

2

Moreover, in consideration of his bid for compassionate release, this Court may only reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possibly applicable category into which Jackson may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible

for relief.    Jackson bears the burden of demonstrating that compassionate release is warranted.  Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)).    To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Jackson presents no medical evidence that he meets either of these criteria.    Indeed, his argument seems to be that he will likely meet the criteria *if* he contracts COVID-19.    Here, Jackson is 46 years old and suffers from high blood pressure; he also states that he has two herniated discs in his upper neck.    These factors, however, are not high-risk factors as delineated by the Center for Disease Control.[1]    See Center for Disease Control, *At Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html            (last visited on June 1, 2020).    Also, Jackson provides no medical evidence to support his alleged serious medical conditions or the

---

[1]    The high-risk list includes "serious heart conditions" which include heart failure, coronary artery disease, congenital heart disease, cardiomyopathies, and pulmonary hypertension."    High blood pressure in and of itself is not listed.

impact that COVID-19 would have upon him individually. His generalized concern about possible exposure is at this point too speculative to qualify as extraordinary and compelling. As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). In short, without medical evidence and other necessary documentation (such as an approved home release plan) from which this Court may fully evaluate Jackson's individual circumstances as they relate to the COVID-19 pandemic, the Court would deny Jackson's request for compassionate release on the merits as well.

Upon the foregoing, Defendant Jeffery Jackson's motion for immediate release (doc. 1401) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of June, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA